KUSKIN, J.T.C.
On May 19, 2000 I issued an opinion in this matter. Town of Secaucus v. City of Jersey City, 19 N.J.Tax 10 (2000). Thereafter, defendants moved for reconsideration, and I decided their motions in a bench opinion on August 4, 2000. In that opinion, I held that my previous ruling limiting the annual service charge to 2% of total project cost, Id. at 35-36, should not be applied prospectively only, as contended by defendant TPI Urban Renewal (“TPI”). I reserved decision as to the contention, also advanced primarily by TPI, that my previous ruling as to the certification requirements imposed by N.J.S.A. 40:55C-65 and N.J.S.A. *540 40A:20-12, Id. at 36-39, should be applied prospectively only. This opinion sets forth my decision as to this latter issue.[2]
In my May 19, 2000 Opinion, Town of Secaucus v. City of Jersey City, supra 19 N.J. Tax 10, I held as follows:
Because other property tax exemptions are granted on an annual basis, the requirement for municipal certification is consistent with the statutory scheme only if annual certification from the governing body is required, and the certification is provided before the assessor submits the municipal tax assessment list to the county board of taxation pursuant to N.J.S.A. 54:4-35. This procedure will enable the assessor to know whether his or her certification, to be attached to the assessment list pursuant to N.J.S.A. 54:4-36, can state that a property granted tax exemption by the governing body under the Fox-Lance Law or Long Term Law remains entitled to that exemption.
[Id. at 37-38.]
In my August 4, 2000 bench opinion, I modified the May 19, 2000 Opinion by holding that a municipal governing body could delegate the certification responsibility to an appropriate municipal official under appropriate procedures. I did not decide which procedures would be appropriate (for example, whether an ordinance or resolution would be required), nor did I identify which municipal official would be appropriate other than to conclude that the assessor would not constitute an appropriate official because a certification from the assessor to himself or herself would make no sense.
TPI and Jersey City assert that the foregoing interpretation of the certification requirements of N.J.S.A. 40:55C-65 and N.J.S.A. 40A:20-12 should be applied prospectively only because my interpretation of the requirement could not reasonably have been anticipated by Jersey City. They also contend that Jersey City has had a long-standing interpretation of the certification requirement and that deference should be accorded to that interpretation.
Plaintiff argues that prospective application is not appropriate, noting that retroactive application is the rule and that prospective application is an exception to the rule. Plaintiff asserts that my interpretation of the certification requirement should have been anticipated by TPI and Jersey City because the statutory lan *541 guage expressly precludes the granting of a tax exemption if the certification requirement is not fulfilled. Thus, plaintiff argues that reliance by Jersey City and TPI on a procedure which did not include certification as required by statute would be unreasonable. In the alternative, plaintiff contends that if I conclude that my ruling should apply prospectively only, such prospective application should not relate to this proceeding where plaintiff should reap the benefit of having challenged Jersey City’s certification practices and having obtained, for the first time, a court interpretation of the statutory certification requirements.
The doctrine of prospective application extends to decisions involving statutory construction. See, e.g., Kibble v. Weeks Dredging & Construction Co., 161 N.J. 178, 735 A.2d 1142 (1999) (applying prospectively an interpretation of N.J.S.A. 34:15-20). The circumstances in which prospective application is appropriate have been described as follows:
While moat of the decided cases on prospective effect concern decisions expressly overruling previous holding's and announcing' explicit changes in the law, the practice is not limited to such cases but may also apply to situations where a court renders a first-instance or clarifying' decision in a murky or uncertain area of the law but under circumstances where members of the public or public entities could be found to have previously and not unreasonably relied on a different conception of the stale of the law.
[Oxford Consumer Discount Co. v. Stefanelli, 104 N.J.Super. 512, 520-21, 250 A.2d 598 (App.Div.1909), aff'd 55 N.J. 489, 202 A.2d 874 (1970) (citations omitted).]
In Montells v. Haynes, 133 N.J. 282, 627 A.2d 654 (1993), the Supreme Court accepted the criteria for prospective application set forth in Oxford Consumer Discount Co. v. Stefanelli, and held that a court decision should be confined to prospective application “when fairness and justice require.” Montells v. Haynes, supra 133 N.J. at 297, 627 A.2d 654. The Court further held that such prospective application is “particularly appropriate” when, in the words of Oxford Consumer Discount Co., “a court renders a first instance or clarifying decision in a murky or uncertain area of the law ...” Id. at 297-98, 627 A.2d 654. In Fischer v. Canario, 143 N.J. 235, 670 A.2d 516 (1996), the Supreme Court held that “[a]ny prospectivity decision necessarily involves questions of public policy and basic notions of judicial fairness.” Id. at 246, 670 A.2d 516 *542 (citation omitted). In making a determination with respect to public policy and judicial 'fairness, a court must consider the following factors:
“ ‘(1) the purpose of the rule and whether it would be furthered by a retroactive application, (2) the degree of reliance placed on the old rule by those who administered it, and (3) the effect a retroactive application would have on the administration of justice.’ ”
[Stafford Township v. Stafford Township Zoning Board of Adjustment, 154 N.J. 62, 74, 711 A.2d 282 (1998) (citations omitted).]
The Court in Stafford Township also noted that “ ‘[depending upon the facts of a case, one of the factors may be pivotal.’ ” Ibid. (citation omitted).
I conclude that my interpretation of the certification requirement in N.J.S.A. 40:55C-65 and N.J.S.A 40A:20-12 constitutes a “clarifying decision in a murky or uncertain area of the law.” These statutes set forth the certification requirement in very general terms without specifying the frequency or timing of the certification, or providing a definition of the “municipality” for certification purposes. I have interpreted the statutes in a manner which I believe makes them consistent with the general scheme of tax assessment.
In applying the three factors articulated in Stafford Township v. Stafford, Township Zoning Board of Adjustment, I conclude that the first factor does not provide a basis for determining whether prospectivity is appropriate in this matter. The second and third factors, however, are determinative. As to the second factor, it is my finding that Jersey City interpreted the certification requirement in a manner different from my interpretation, that the City’s interpretation of the requirement was consistent over a period of years without challenge or objection, and that TPI was guided by and relied on the City’s interpretation.[3] Presumably, the developers in the twelve matters described below, in which plaintiff has filed appeals challenging tax exemptions grant *543 ed by Jersey City under the Fox-Lance Law or Long Term Law, also were guided by and relied on the City’s interpretation. As to the third factor, if my interpretation were applied retroactively, it could result in the loss of tax exemption by a number of projects which were granted such exemption under the Fox-Lance Law or Long Term Law. For purposes of determining whether prospective application of my ruling would be appropriate, I conclude that, for a year or years in which the details of the certification requirement were not yet articulated, it would be unfair and unjust to deprive those projects of their tax exemption based on the absence of the certification required under my statutory interpretation. See Green v. Selective Insurance Co. of America, 144 N.J. 344, 355, 676 A.2d 1074 (1996).
Remaining for consideration is the issue of whether the subject tax appeals or any other pending tax appeal filed by the Town of Secaucus challenging Fox-Lance Law or Long Term Law tax exemptions should be excluded from the prospective application of my interpretation of the statute. In Kibble v. Weeks Dredging & Construction Co., supra, 161 N.J. 178, 735 A.2d 1142, the Supreme Court, in holding that its ruling should be applied prospectively, excluded from such application the matter before it on the basis that, under a concept of fundamental fairness, the party challenging existing law should be rewarded for that effort.
As indicated above, the matter now before me represents one of thirteen similar appeals which have been filed by Secaucus challenging tax exemptions for the years 1998 and 1999. Based on representations by counsel, I am satisfied that Jersey City’s certification practices with respect to the projects at issue in the other appeals were identical to its practices with respect to the TPI project. The TPI appeal was selected as the subject for summary judgment motions because the parties agreed that it contained issues common to the other matters. Pursuant to a Case Management Order, my decisions as to legal issues in this matter are applicable and binding in all of the companion matters. Therefore, excluding the present matter from prospective application would exclude all other matters that are pending for the years 1998 and 1999.
*544 In this and the companion matters, Secaucus is the “champion of the cause,” Id. at 196, 735 A.2d 1142, with the “cause” being the obtaining of a clarification of the certification requirements contained in N.J.S.A. 40:55C-65 and N.J.S.A. 40A:20-12. The extent of that clarification, as set forth in my written opinion, is far different from the statutory interpretation in State v. Alexander, 136 N.J. 563, 643 A.2d 996 (1994), a case on which plaintiff relies. There the Court held that an explanation of the meaning of a criminal statute in a jury charge was proper and did not constitute rewriting or amending the statute because the Legislature provided the explanation in another statutory section. Id. at 573-74, 643 A.2d 996.
In determining whether “fundamental fairness,” Kibble v. Weeks Dredging & Construction Co., supra, 161 N.J. at 192, 735 A.2d 1142, warrants excluding this matter and the twelve companion matters from the prospectivity ruling, I must consider Secaucus’s effort and expense, and also must consider any unfairness or injustice resulting from depriving all thirteen projects of them tax exemption by applying my interpretation of the certification requirement retroactively. In addition, I must consider the public policy in favor of development and redevelopment projects such as those at issue in these thirteen matters. After weighing the foregoing factors, I conclude that the policy considerations in favor of rewarding a successful litigant who has stretched the law or obtained a first-time interpretation of the law are less significant than the policy considerations in favor of upholding Fox-Lance Law or Long Term Law tax exemptions where neither Jersey City nor any developer could determine from the express language of N.J.S.A. 40:550-65 or N.J.S.A. 40A:20-12, or from language contained in another statute in the same chapter, that the certification requirement functioned as I have interpreted it. As I have previously explained, Town of Secaucus v. City of Jersey City, supra 19 N.J. Tax, at 37-38, my interpretation is consistent with the statutory scheme for property taxation. However, the interpretation is not wholly self-evident from the provisions of the Fox-Lance Law or Long Term Law. Consequently, this matter and the *545 twelve companion matters will be included in my prospectivity ruling.

 Before issuance of this Formal Opinion, the parties settled these appeals.